UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GINGER CLARK,

                Plaintiff,

    -against-

FORSTER & GARBUS, LLP,

                Defendant.

------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:** 20-cv-06013

Jury Trial Demanded

GINGER CLARK ("Plaintiff"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against FORSTER & GARBUS, LLP ("Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

1. This is a civil action based upon Defendant's violations of Plaintiff's rights guaranteed to her by: (i) the anti-discrimination and anti-retaliation provisions of Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"); (ii) the anti-disability discrimination and anti-retaliation provisions of the New York State Human Rights Law ("NYSHRL"); and (iii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff, who suffers from bulging and herniated discs, severe back, arm, and neck pain, as well as colitis, is a former employee of Defendant - - a Long Island law firm that specializes in debt collection - - and she brings this action to seek redress for Defendant's egregious disability discrimination and retaliation taken against her during her employment. Specifically, as detailed below, Defendant denied Plaintiff several reasonable accommodations, then in retaliation for

requesting those accommodations and/or as acts of disability discrimination unto themselves, subjected Plaintiff to a hostile work environment and disparate treatment by, *inter alia*, harassing Plaintiff for taking too long to use the bathroom, and finally, terminated her employment in retaliation for her complaints about being discriminated against due to her disability and/or as an act of disability discrimination/failure to accommodate unto itself, all in violation of the ADA and the NYSHRL.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 12101(a) *et seq*. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On October 24, 2019, Plaintiff filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 520-2020-00672, against Defendant, based on, *inter alia*, disability discrimination in violation of the ADA based on the events alleged herein.

6. On September 11, 2020, the EEOC issued to Plaintiff a "Notice of Right to Sue," which Plaintiff received at least three days thereafter. Plaintiff commences this action within ninety days of receipt of that notice from the EEOC.

**PARTIES**

7. At all relevant times herein, Plaintiff was a "person" and an "employee" entitled to protection as defined by the ADA and the NYSHRL.

8. At all relevant times herein, Defendant was and is a New York limited liability partnership with its principal place of business located at 60 Vanderbilt Motor Parkway, Commack, New York, 11725, which is authorized to receive service of process at that same address.

9. At all relevant times herein, Defendant "employs" fifteen and thus four or more "employees," and is thus an "employer" within the meaning of the ADA and the version of the NYSHRL that was applicable at the time.

**BACKGROUND FACTS**

10. Defendant is a law firm that operates out of its office in Commack, New York, which specializes in collecting debts from debtors on behalf of its clients.

11. Plaintiff worked for Defendant from June 1, 2011 to April 1, 2019, in its Commack office as a debt collection agent.

12. In that role, as its name suggests, Plaintiff was responsible for contacting debtors by telephone to secure payment of their debt, reporting payments by debtors to creditors, and tracking the repayment of debts.

13. To fulfill her duties, Defendant required Plaintiff to work at a sit-down desk for eight hours a day.

14. On September 17, 2017, Plaintiff was in a car accident and as a result, she sustained severe injuries to her spine and suffered bulging and herniated discs, which caused and continues to cause her to suffer from severe back, arm, and neck pain, which prevents her from sitting for

more than twenty minutes at a time, lifting heavy objects, or remaining in the same position for long periods of time without experiencing radiating pain emanating from her back to her arms and fingers.

15. Approximately two weeks later, starting on September 30, 2017, and continuing through December 14, 2017, Plaintiff took leave pursuant to the Family and Medical Leave Act ("FMLA"), and in doing so, necessarily disclosed her disability of bulging and herniated discs and associated pain to Defendant.

16. While on FMLA leave, in or around December 2017, Plaintiff developed colitis. As a result, she needed to use the restroom much more frequently than previously.

17. On December 14, 2017, upon her return to work following FMLA leave, Plaintiff disclosed her colitis, and again mentioned her severe back, neck, and arm pain associated with her bulging and herniated discs to Charles Licata, Defendant's Human Resources Manager, as well as to one of her second-level supervisors, Jennifer Haas, who was a Collections Supervisor. Plaintiff also at that time requested from her direct supervisor, Team Lead Mary Fiere, the following accommodations to address her ongoing back, neck, and arm pain, as well as her colitis: (i) permission to take more frequent and prolonged restroom breaks without repercussion; (ii) permission to take occasional walks, because she could not sit for prolonged periods of time, without repercussion; and (iii) for Defendant to purchase for her a standing desk. While Fiere said that Defendant would provide those accommodations, Defendant did not, forcing Plaintiff to purchase the standing desk with her own money.

18. Moreover, in the weeks that followed, when Plaintiff left her workstation to use the restroom or to take her occasional walk, Glen Cohen, another Collections Supervisor, would

4

follow her and admonish her for being away from her desk for too long, even when Cohen knew that Plaintiff had been in the restroom.

19. Additionally, from December 2017 and continuing through November 29, 2018, Cohen overly scrutinized Plaintiff's work performance by excessively questioning Plaintiff about her assigned accounts. Comparatively, prior to Plaintiff requesting any accommodations and disclosing her disabilities, Cohen barely scrutinized Plaintiff's work performance. After Plaintiff's request for accommodations, Cohen would also continuously remind Plaintiff that she was permitted only a ten-minute break and demanded that she inform him each time that she left her desk, despite knowing that she took prolonged bathroom breaks and occasional walks to cope with her disabilities, a fact of which Plaintiff also recurrently reminded him. Further, when Plaintiff would return to her workstation, Cohen would make snide remarks such as "welcome back" and "glad you could join us." Cohen would not treat other employees as harshly as he treated Plaintiff, and these comments humiliated Plaintiff and gave her anxiety.

20. After months of being harassed, in or around late-July 2018, Plaintiff complained to Fiere about Cohen following Plaintiff during her walks and requiring Plaintiff to check in with Cohen whenever she left her desk, to which Fiere responded by asking Plaintiff: "do you even want to work here anymore? You are never here, you're always out sick."

21. On October 22, 2018, Cohen changed Plaintiff's schedule so that she would need to work on Thursdays despite knowing that Plaintiff had medical appointments on Thursdays. Until this point, Plaintiff did not work on Thursdays.

22. One week later, on October 29, 2018, Licata called Plaintiff into his office to discuss a "bad call" that Plaintiff had supposedly made. Conversely, Licata, as the Human Resources Manager, did not call other collection agents into his office to discuss their bad calls.

At this time, while in Licata's office, Plaintiff again requested the same accommodations that she had previously, complained that Defendant had not provided them to her previously, and also complained about Cohen's disparate treatment of her based on her disabilities.

23. In response, on the next day, October 30, 2018, Licata reassigned Plaintiff to manage exclusively Defendant's New Jersey clients, which required Plaintiff to undergo additional training and adhere to stricter compliance procedures.

24. Approximately one month later, on November 28, 2018, Plaintiff slipped and fell in Defendant's bathroom, injuring both arms, as well as her right wrist, back, left leg, and neck. As a result of her accident, Plaintiff's bulging and herniated discs significantly worsened to the point where she could no longer complete normal activities, such as walking, standing, and driving for more than fifteen minutes at a time, or writing and typing without experiencing debilitating pain, and her medical providers advised her to undergo neck surgery to relieve the pain. Based on the extent of her injuries, on November 29, 2018, Plaintiff again took leave under the FMLA.

25. On April 1, 2019, Plaintiff requested that Defendant extend her leave as a further accommodation as she was not yet ready to return to work. Defendant denied her request without explanation and without any inquiry as to when Plaintiff might be able to return to work and under what conditions, and instead terminated Plaintiff's employment on that same day.

# FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Disability Discrimination in Violation of the ADA*

26. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

27. Title I of the ADA prohibits employers from discriminating against employees on the basis of their disabilities.

28. As described above, Plaintiff was an "employee" who suffers from a "disability" within the meaning of the ADA, while Defendant was and is an "employer" within the meaning of the ADA.

29. As also described above, Defendant discriminated against Plaintiff on the basis of her disabilities, in violation of the ADA, by: failing to provide reasonable accommodations; creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment; subjecting her to disparate working conditions; and ultimately terminating her employment.

30. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the ADA, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

31. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the ADA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of career fulfillment, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

32. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the ADA, for which Plaintiff is entitled to an award of punitive damages.

33. Plaintiff is also entitled to attorneys' fees for Defendant's violations of the ADA.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT**
*Disability Discrimination under the NYSHRL*

34. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35. The NYSHRL prohibits employers from discriminating against employees on the basis of, *inter alia*, their disabilities.

36. As described above, Plaintiff was an "employee" who suffers from a "disability" within the meaning of the NYSHRL, while Defendant was and is an "employer" within the meaning of the NYSHRL.

37. As also described above, Defendant discriminated against Plaintiff on the basis of her disabilities, in violation of the NYSHRL, by: failing to provide reasonable accommodations; creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment; subjecting her to disparate working conditions; and ultimately terminating her employment.

38. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

39. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of career fulfillment, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

# THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Retaliation in Violation of the ADA*

40. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. Title I of the ADA prohibits employers from retaliating against employees who engage in activity protected under the ADA.

42. As described above, Plaintiff was an "employee" who engaged in activity protected under the ADA, while Defendant was and is an "employer" within the meaning of the ADA.

43. After Plaintiff engaged in activity protected under the ADA, Defendant retaliated against Plaintiff as also described above.

44. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the ADA, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

45. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the ADA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of career fulfillment, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

46. Defendant's unlawful retaliatory actions constitute malicious, willful, and wanton violations of the ADA, for which Plaintiff is entitled to an award of punitive damages.

47. Plaintiff is also entitled to attorneys' fees for Defendant's violations of the ADA.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Retaliation in Violation of the NYSHRL*

48. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. The NYSHRL prohibits employers from retaliating against employees who engage in activity protected under the NYSHRL.

50. As described above, Plaintiff was an "employee" who engaged in activity protected under the NYSHRL, while Defendant was and is an "employer" within the meaning of the NYSHRL.

51. After Plaintiff engaged in activity protected under the NYSHRL, Defendant retaliated against Plaintiff as also described above.

52. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

53. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of career fulfillment, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## DEMAND FOR A JURY TRIAL

54. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York laws;

B. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

C. An order restraining Defendant from any retaliation against Plaintiff for participating in this lawsuit in any form;

D. Granting an award of damages in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages in connection with her claims, whether legal or equitable in nature, including back pay, front pay, and any other damages for lost compensation or employee benefits that she would have received but for Defendant's unlawful conduct;

E. Granting an award of damages to be determined at trial to compensate Plaintiff for emotional distress and/or mental anguish in connection with her claims;

F. Granting an award of damages to be determined at trial to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment in connection with her claims;

G. Granting an award of punitive damages, to the extent permitted by law, commensurate with Defendant's ability to pay;

H. Granting an award of reasonable attorneys' fees, as well as all costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

I. Granting an award of pre-judgment and post-judgment interest, as provided by law; and

J. Granting such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
December 9, 2020

                                    Respectfully submitted,
                                    BORRELLI & ASSOCIATES, P.L.L.C.
                                    *Attorneys for Plaintiff*
                                    910 Franklin Avenue, Suite 200
                                    Garden City, New York 11530
                                    Tel. (516) 248 - 5500
                                    Fax. (516) 248 - 6027

By: _____
      SHANI J. WALKER (5572045)
      ALEXANDER T. COLEMAN (AC 8151)
      MICHAEL J. BORRELLI (MB 8533)